THE RESTIS LAW FIRM, P.C.
William R. Restis, Esq. (SBN 246823)
william@restislaw.com
550 West C Street, Suite 1760
San Diego, California 92101
Telephone: +1.619.270.8383

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY G. FAASSE**, an Individual, **JEFFREY HANSEN**, an Individual, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**COINBASE, INC.,** a Delaware Corporation,<br><br>Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) **CALIFORNIA'S UNCLAIMED PROPERTY LAW, CAL. CIV. PROC. CODE §§ 1500,** *et seq.*<br><br>(2) **UNLAWFUL AND UNFAIR BUSINESS PRACTICES, CAL. BUS. PROF. CODE §§ 17200;**<br><br>(3) **CONVERSION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Timothy G. Faasse ("Faasse") and Jeffrey Hansen ("Hansen") individually and on behalf of all others similarly situated, allege the following based upon personal knowledge as to themselves and their own acts, and on information and belief as to all other allegations, based on investigation of counsel. Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I. INTRODUCTION

1. Imagine writing a cashier's check to a friend. The bank withdraws funds from your account, but your friend never cashes the check. Does the bank get to keep the funds? The law clearly says no. But this is exactly what has happened with Cryptocurrencies sent through Coinbase.com, owned and operated by Coinbase, Inc. ("Coinbase" or "Defendant").

2. Coinbase users can send Bitcoin, Ethereum, Litecoin and Bitcoin Cash (collectively "Cryptocurrencies") to an email address. Plaintiffs and the Class were sent an email from Coinbase stating they had Cryptocurrency, with a link to create a Coinbase account to redeem it. But until 2017, most people never heard of a "bitcoin" or cryptocurrency, so most of these emails were disregarded. And most of the Cryptocurrency went unclaimed.

3. But instead of notifying Plaintiffs and the Class they had unclaimed Cryptocurrencies, or turning those Cryptocurrencies over to the State of California as required by California's Unclaimed Property Law (the "UPL", CAL. CIV. PROC. CODE § 1500 *et seq.*), Coinbase kept them.

4. Accordingly, this class action seeks to recover these unclaimed Cryptocurrencies and deliver them to the intended recipients, as well as all "forks" thereof (*e.g.* Bitcoin Cash fork of Bitcoin), and "airdrops" related thereto (*e.g.*, ERC20

- 1 -
CLASS ACTION COMPLAINT

713625.1

airdrops of Ethereum related tokens). For members of the Class[1] whose email addresses have gone stale, Plaintiffs seek injunctive relief ordering their unclaimed Cryptocurrencies turned over to the State of California in accordance with California's UPL to prevent unjust enrichment of Defendant. Finally, Plaintiffs seek injunctive relief ordering Defendants to comply with the UPL in future.

5. Plaintiffs bring these class claims pursuant to the UPL, and as "unlawful" and "unfair" business practices in violation of California's Unfair Competition Law (the "UCL," CAL. BUS. & PROF. CODE §§ 17200 *et seq.*) and for conversion.

## II.    JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because Defendant resides within this District. Venue is also proper pursuant to 28 U.S.C. §1391(b) because many of the acts and transactions giving rise to the violations of law complained of herein occurred in this District.

8. <u>Intradistrict Assignment:</u> Defendant is headquartered in San Francisco County, and the acts and transactions complained of herein occurred in San Francisco County.

## III.   PARTIES

9. Plaintiff Faasse is a citizen of the United States and resident of the State of Michigan, and a resident of Kent County. On or about October 20, 2013, Faasse was sent 0.10 Bitcoin through Coinbase.com to his email address. Faasse received no other notifications from Defendant. In February 2018, Faasse was reminded of the transfer by the sender of his unclaimed Bitcoin. Faasse then opened the email in an attempt to

---

[1] As described in Paragraph 19 herein, the Class pled herein is "All persons and entities who were sent Cryptocurrencies such as Bitcoin, Ethereum and Litecoin through Coinbase.com to their email address, and who never claimed such Cryptocurrency.")

- 2 -
CLASS ACTION COMPLAINT

713625.1

claim his Bitcoin, but the email link had gone stale. Faasse intends to use Coinbase.com if his Bitcoin is restored.

10. Plaintiff Hansen is a citizen of the United States and the State of California, and a resident of the County of San Diego. On or about September 14, 2013, Hansen was sent 0.01 Bitcoin through Coinbase.com to his email address. Hansen received no other notifications from Defendant. In February 2018, Hansen was reminded of the transfer by the sender of his unclaimed Bitcoin. Hansen then opened the email in an attempt to claim his Bitcoin, but the email link had gone stale. Hansen intends to use Coinbase.com if his Bitcoin is restored.

11. Defendant Coinbase, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Coinbase describes itself as "the world's most popular way to buy and sell bitcoin, ethereum, and litecoin." According to published reports, Defendant has over 13 million users across the globe, surpassing the user base of some of the largest stock brokers such as Charles Schwab.

## IV. SUBSTANTIVE ALLEGATIONS

12. Coinbase provides its users an easy way to send Cryptocurrencies without needing technical knowledge of how they work. One feature Coinbase provides is to send Cryptocurrencies from a Coinbase account to an email address.

13. Coinbase users are shown a screen at the Coinbase.com website that allows them to determine how much Cryptocurrency they want to send and to whom. The users enter a destination email address (the email addresses of Plaintiff and the Class) and click send.

14. For Coinbase users sending Cryptocurrency to another Coinbase user's email address, the Cryptocurrency is automatically deposited in their account. As such, these persons are not members of the Class. But when users send Cryptocurrency *via* email to someone without a Coinbase account, the recipient gets an email instead.

- 3 -

CLASS ACTION COMPLAINT

713625.1

15. The emails received by Plaintiff and the Class stated, in substantial part, that "[email address of sender] just sent you **[amount of Cryptocurrency]** (worth [fiat amount] using Coinbase. … Click [Coinbase.com web link] to sign in and claim this amount." But unless Plaintiff and the Class opened a Coinbase account, they were provided no other way to redeem the Cryptocurrencies.

16. Plaintiff and each member of the Class never redeemed their Cryptocurrencies.

17. In addition, Plaintiff and the Class were not provided any follow up emails reminding them to redeem their Cryptocurrencies or any other notice that Coinbase was holding Cryptocurrencies on their behalf.

18. Defendant kept, and continues to keep, unredeemed Cryptocurrencies sent *via* email through Coinbase.com.

## V.   CLASS ALLEGATIONS

19. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and(b)(3) for the following Class of persons:

> "All persons and entities who were sent Cryptocurrencies such as Bitcoin, Ethereum and Litecoin through Coinbase.com to their email address, and who never claimed such Cryptocurrency."

Excluded from the Class are Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff. Also excluded from the Class are any members whose unclaimed Cryptocurrency is the subject of an individual action against Defendant.

20. Plaintiffs reserve the right to amend the Class definition if further investigation and/or discovery indicate that the Class definition should be narrowed, expanded, or otherwise modified.

- 4 -
CLASS ACTION COMPLAINT

713625.1

21. While the exact number of Class members is unknown to Plaintiffs at this time, and will be ascertained through appropriate discovery, Plaintiffs are informed and believe that there are thousands of members in the proposed Class. The number of individuals and entities who comprise the Class are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts. Class members may be identified from records maintained by Defendants, and may be notified of the pendency of this action by electronic mail using the form of notice similar to that customarily used in class litigation.

22. Plaintiffs' claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by Defendants' wrongful conduct as complained of herein, in violation of law. Plaintiffs are unaware of any interests that conflict with or are antagonistic to the interests of the Class.

23. Plaintiffs will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in class actions and complex litigation. Plaintiffs and their counsel will adequately and vigorously litigate this class action, and Plaintiffs are aware of their duties and responsibilities to the Class.

24. Defendant has acted and continues to act with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. Among the questions of law and fact common to the Class are, *inter alia*:

    a) Whether California law applies to Class claims;

- 5 -
CLASS ACTION COMPLAINT

713625.1

    b)    Whether Coinbase is required to provide notice to Plaintiffs and the Class that it is holding assets on their behalf, and whether Coinbase provided such notice;

    c)    Whether Coinbase is required to notify the State of California that it is holding assets on behalf of Plaintiffs and the Class, and whether Coinbase provided such notice to Plaintiff and the Class;

    d)    Whether Coinbase is required to surrender Plaintiffs and the Class' Cryptocurrencies to the State of California, and whether Coinbase complied with that requirement;

    e)    Whether Coinbase's actions and omissions constitute "unlawful" or "unfair" business practices in violation of the UCL;

    f)    Whether Coinbase has converted Plaintiffs and the Class' Cryptocurrencies; and

    g)    Whether Plaintiffs and the Class have been damaged.

25.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. Furthermore, as the injury and/or damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible as a practical matter for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

26.    Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

# FIRST COUNT

## VIOLATION OF CALIFORNIA'S UNCLAIMED PROPERTY LAW

27. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully alleged herein.

28. California law governs the dispute between defendant Coinbase and Plaintiffs and the Class.

29. This Count is brought pursuant to California's Unclaimed Property Law, CAL. CIV. PROC. CODE § 1500, *et seq.* on behalf of Plaintiffs and all Class members whose Cryptocurrency has been unclaimed for 2 years from the date of filing of this Action.

30. The legislative intent of the UPL is "that property owners be reunited with their property."

31. Defendant Coinbase is a "banking organization", "business association", and/or "financial organization" subject to the requirements of the UPL. CAL. CIV. PROC. CODE § 1501.

32. Plaintiffs and each member of the Class are "owners" of Cryptocurrencies sent to them *via* email through Coinbase.com. *Id.*

33. Defendant is a "holder" of Plaintiffs and the Class' Cryptocurrencies. *Id.*

34. The Cryptocurrencies sent to Plaintiffs and the Class *via* email through Coinbase.com are "property" subject to the UPL.

35. Defendant was and is required to give notice to Plaintiffs and the Class not less than two years nor more than two and one-half years after Plaintiffs and the Class were first notified by email that they had been sent Cryptocurrencies through Coinbase.com, that their Cryptocurrencies, as well as any interest and dividends thereon were subject to the UPL, and would be transferred to the State of California if

- 7 -
CLASS ACTION COMPLAINT

713625.1

unclaimed. Defendant failed to notify Plaintiffs and the Class in the manner required by the UPL, or at all.

36. Defendant was and is required to make annual reports to the California State Controller that include the contact information (*i.e.*, email addresses) of Plaintiffs and the Class and the Cryptocurrencies being held by Coinbase on their behalf. This allows the State of California to attempt to contact Plaintiffs and the Class to reunite them with their unclaimed Cryptocurrencies. Defendant failed to make such annual reports to the Controller as required by the UPL, or at all.

37. Under the UPL, the State of California takes possession of unclaimed property to prevent businesses holding it from selling it and using the proceeds for its their own purposes. Coinbase frustrated the purpose of the UPL by failing to make required notices to Plaintiffs and the Class, the California State Controller, and/or by retaining the Cryptocurrencies sent to Plaintiffs and the Class for Defendant's own use and benefit.

38. Accordingly, Plaintiffs, individually, and on behalf of all Class members, seek equitable, injunctive and declaratory relief requiring Defendant Coinbase to comply with the UPL by notifying Class members *via* email that their Cryptocurrencies are available for redemption, as well as all "forks" thereof (*e.g.* Bitcoin Cash fork of Bitcoin), and "airdrops" related thereto (*e.g.*, ERC20 airdrops of Ethereum related tokens) which are being held by Coinbase, and the State of California as appropriate, and ordering delivery of unclaimed Cryptocurrencies to Plaintiffs and the Class, as well as all "forks" thereof (*e.g.* Bitcoin Cash fork of Bitcoin), and "airdrops" related thereto (*e.g.*, ERC20 airdrops of Ethereum related tokens) which are being held by Coinbase, or the State of California as appropriate, in an amount to be proved at trial.

# SECOND COUNT

## "UNLAWFUL" AND "UNFAIR" BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE §§ 17200

39. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully alleged herein.

40. California law governs the dispute between defendant Coinbase and Plaintiffs and the Class.

41. California Business and Professions Code § 17200 *et seq.* prohibits acts of unfair competition, which includes "unlawful" and "unfair" business acts or practices.

42. Defendant's failure to comply with California's Unclaimed Property Law constitutes "unlawful" business practices in violation of the UCL.

43. Defendant's conversion of Plaintiffs and the Class' Cryptocurrencies as alleged herein constitutes "unlawful" business practices in violation of the UCL.

44. Defendant's failure to notify Plaintiffs and the Class, and the State of California as appropriate, that Coinbase is holding Cryptocurrencies that belong to Plaintiffs and the Class, and failure to deliver such Cryptocurrencies to Plaintiffs and the Class, and the State of California as appropriate, constitute "unfair" business practices because:

(i) the injury to Plaintiffs and the Class outweighs any countervailing benefits to consumers or to competition, and because such injury could not be reasonably avoided by Plaintiffs and the Class; and/or

(ii) it violates established public policy as embodied in California's Unclaimed Property Law, and the California public policies against forfeitures;

(iii) it is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

(iv) the gravity of the harm to Plaintiffs and the Class outweighs any countervailing benefits to Defendant or to competition.

- 9 -

CLASS ACTION COMPLAINT

713625.1

45. As a direct and proximate result of Defendant's "unlawful" and "unfair" business practices as alleged herein, Plaintiffs and each Class member have been wrongfully deprived of money and/or property. Plaintiffs suffered injury-in-fact as a result of Defendant's unlawful and unfair business practices.

46. Accordingly, Defendant received and is in possession of excessive and unjust revenues and profits, and/or has caused Plaintiffs and the Class to lose money or property directly as a result of Coinbase's wrongful acts and practices.

47. As a result of the above unlawful acts and practices, Plaintiffs seek injunctive relief prohibiting Coinbase from continuing these wrongful acts and omissions, and such other equitable relief, including notifying the Class, and the State of California as appropriate, that Coinbase is holding Cryptocurrencies that belong to them, and delivering such Cryptocurrencies as well as all "forks" thereof (*e.g.* Bitcoin Cash fork of Bitcoin), and "airdrops" related thereto (*e.g.*, ERC20 airdrops of Ethereum related tokens), to Plaintiffs and the Class, and the State of California as appropriate, and such equitable relief, including disgorgement of all improperly retained Cryptocurrencies to the fullest extent permitted by law.

### THIRD COUNT
### CONVERSION

48. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully alleged herein.

49. Plaintiffs and each member of the Class have a property right in their Cryptocurrencies, and a right to delivery and possession of same.

50. By failing to notify Plaintiffs and the Class, and by failing to deliver Cryptocurrencies to Plaintiff and the Class as described herein, Coinbase has wrongfully dispossessed Plaintiffs and the Class of their Cryptocurrencies.

51.     Coinbase intentionally and substantially interfered with Plaintiffs and Class members' right and ability to receive their Cryptocurrencies in violation of law. Defendant has and continues to exercise dominion and control over such Cryptocurrencies.

52.     Plaintiffs and the Class' interests in Cryptocurrencies are reflected in the books and records of Coinbase, which are accounts showing amounts owed to Plaintiffs and the Class. Defendant's books and records reflect transfer of Cryptocurrencies to Plaintiffs and the Class, the date of the transaction, the amount of the transaction, and other items necessary to determine the liquidated amount of Cryptocurrencies owed to Plaintiffs and the Class.

53.     Plaintiffs and the Class were unaware of Defendant's conversion of their Cryptocurrencies as described herein, and did not consent to it.

54.     As a direct and proximate result of Defendants' wrongful actions, Plaintiffs and the Class have been deprived of their Cryptocurrencies, as well as all "forks" thereof (*e.g.* Bitcoin Cash fork of Bitcoin), and "airdrops" related thereto (*e.g.*, ERC20 airdrops of Ethereum related tokens), in an amount to be proven at trial.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class pray for relief and judgment as follows:

A.      For an order declaring that this action is properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and certifying Plaintiffs as the Class representatives;

B.      For an order notifying Class members that Coinbase has possession of their Cryptocurrency;

C.      For an order awarding Plaintiffs and the Class their Bitcoin, Ethereum, Litecoin and Bitcoin Cash, including all "forks" thereof, and "airdrops" related thereto, and/or Coinbase's disgorgement of same, and/or awarding compensatory damages in favor of Plaintiff and the Class against Defendant, for all legally cognizable damages

sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, including interest thereon;

D. Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including attorneys fees, expert fees, witness fees and electronic discovery fees as permitted by law;

E. Granting such other and further relief as this Court may deem just and proper.

## VII. JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all claims asserted in this Complaint so triable.

Dated March 2, 2018                              Respectfully submitted,

THE RESTIS LAW FIRM, P.C.

　/s/ William R. Restis　
William R. Restis, Esq.
550 West C Street, Suite 1760
San Diego, CA 92101
Tel: +1.619.270.8383
Fax: +1.619.752.1552
Email: william@restislaw.com

ATTORNEY FOR PLAINTIFFS