Matthew F. Miller, Bar No. 172661
matthew.miller@squirepb.com
Troy M. Yoshino, Bar No. 197850
troy.yoshino@squirepb.com
Eric J. Knapp, Bar No. 214352
eric.knapp@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone:     +1 415 954 0200
Facsimile:      +1 415 393 9887

Attorneys for Defendant
COINBASE, INC.

William R. Restis, Bar No. 246823
william@restislaw.com
**THE RESTIS LAW FIRM, P.C.**
550 West C Street, Suite 1760
San Diego, CA 92101
Telephone:     +1.619.270.8383

Attorneys for Plaintiffs
JAMES T. FAASSE, JEFFREY HANSEN,
and the PUTATIVE CLASS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. FAASSE, an Individual, JEFFREY HANSEN, an Individual, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:18-cv-01382-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  Hon. James Donato<br><br>Date Action Filed:      March 2, 2018 |

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1    The parties to the above-captioned action jointly submit this Joint Case Management

2    Statement pursuant to the Standing Order for all Judges of the Northern District of California

3    dated November 1, 2018, and Civil Local Rule 16-9.

4    1.    Jurisdiction and Service:

5    This Court has subject matter jurisdiction over this action pursuant to the Class Action

6    Fairness Act, 28 U.S.C. § 1332 because the Second Amended Complaint ("SAC") pleads a class

7    action involving more than $5 million in controversy, and further pleads a putative plaintiff class

8    of citizenship diverse from that of Coinbase.  No issues exist regarding personal jurisdiction or

9    venue, and no parties remain to be served.

10   2.    Facts:

11   *Plaintiffs' Statement*

12   The subject of this lawsuit is Bitcoin, Ether, Litecoin and Bitcoin Cash

13   ("Cryptocurrency") that was irrevocably transferred from the accounts of Coinbase users to

14   Plaintiffs and the putative Class. Coinbase users go through a two-step process at the

15   Coinbase.com website to affect this transfer. Upon clicking "Confirm" at the conclusion of this

16   process, a pop-up appears that says "Send Complete" with a large green check mark above the

17   phrase, "Your transaction is on the way! You sent [amount] [Cryptocurrency] ($[amount]) to

18   [email address]." There were no terms, conditions, or other disclosures that Coinbase presents to

19   Coinbase users on any of these screens that would qualify the transfers at issue. When Coinbase

20   users sent Cryptocurrencies, Coinbase took possession and temporary custody for the benefit of

21   Plaintiffs and the putative Class.

22   On October 20, 2013, Plaintiff Faasse was transferred 0.10 Bitcoin through Coinbase.com

23   to his email address. Plaintiff Hansen was similarly transferred 0.01 Bitcoin on September 14,

24   2013. Then, in February 2018, the Coinbase user who sent Plaintiffs their Cryptocurrency

25   reminded them of the transfer. It was at this time Plaintiffs discovered that Coinbase had never

26   transferred custody of such Bitcoin to them or returned to its sender, and that Coinbase was

27   wrongfully in retention of Bitcoin that belonged to them.

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

- 1 -

759181.1

010-8713-7698/1/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1   Plaintiffs currently believe the key factual issues are as follows: (1) whether the two-step

2   process to transfer Cryptocurrencies on www.Coinbase.com was uniform throughout the class

3   period, and if there were any changes, the nature and extent of such changes; (2) the existence and

4   extent of Defendant's terms and disclosures to Coinbase users regarding the transfer of

5   Cryptocurrencies *before* such users clicked "confirm"; (3) whether Defendant kept

6   Cryptocurrencies transferred to Plaintiffs and the putative Class or returned such

7   Cryptocurrencies to their senders; (4) the manner in which Defendant's electronic records identify

8   such transfers of Cryptocurrencies to allow identification of Class members and the amount of

9   Cryptocurrencies transferred to them; (5) the manner in which Defendant's electronic records

10  identify and maintain copies of emails sent to Plaintiffs and the putative Class concerning

11  transfers of Cryptocurrencies; (6) whether Defendant knows it is in possession of

12  Cryptocurrencies to which Defendant does not have any right, title or interest; (7) whether

13  Defendant attempted to notify Plaintiffs and members of the putative Class, and/or the California

14  Comptroller that it was in possession of Cryptocurrencies to which it does not have any right, title

15  or interest, and the form and extent of such notification; and (8) whether Defendant received

16  "forks" of Cryptocurrencies traceable to the Cryptocurrencies transferred to Plaintiffs and the

17  putative Class.

18  *Defendant's Statement*

19  Coinbase currently believes that the key factual issues are as follows: (1) whether the

20  attempted transfer of digital currency by Coinbase Users to plaintiffs and putative class members

21  – who timely failed to accept the digital currency, resulting in the reversion of that digital

22  currency to the Coinbase Users – created any enforceable right to possession of the digital

23  currency not timely accepted by the plaintiffs and class members; (2) whether plaintiffs and the

24  putative class members received emails from Coinbase notifying them that the digital currency

25  would revert to the Coinbase Users who attempted to transfer such currency if not claimed after

26  30 days; (3) whether Coinbase Users who attempted to transfer digital currency to plaintiffs and

27  putative class members had any intent that their attempted transfers would be unconditional gifts

28

1   that could be accepted in perpetuity, notwithstanding the terms of the Coinbase User Agreement

2   and what plaintiffs and class members were expressly informed about in emails; and (4) whether

3   plaintiffs and putative class members opened the emails sent on behalf of Coinbase Users who

4   attempted to transfer digital currency and, if the emails were opened, whether the particular

5   putative class members read the emails, and what each understood the instructions to mean.

6   3.   <u>Legal Issues:</u>

7       *Plaintiffs' Statement*

8       Plaintiffs' believe the principle disputed legal issues include, but are not limited to, the

9   following: (1) whether the transfer of Cryptocurrency to Class members was complete, effective,

10  and unconditional at the time it was made; (2) whether Coinbase failed to adhere to the

11  instructions given to them by transferors in failing to relinquish possession of the Cryptocurrency

12  to Plaintiffs and Class members; (3) whether a resulting or constructive trust should be imposed

13  on Coinbase with respect to the Cryptocurrency; (4) whether Coinbase converted the

14  Cryptocurrency by keeping it and denying Plaintiffs' demand to transfer custody; (5) whether

15  Coinbase violated key provisions of California's Unclaimed Property Law by failing to provide

16  statutory notice intended to reunite Plaintiffs and the Class with their unclaimed Cryptocurrency,

17  CAL. CIV. PROC. CODE § 1500, *et. seq.*; and (6) whether the foregoing violations and conduct

18  constitute "unlawful" and "unfair" business practices in violation California's Unfair Competition

19  Law. CAL. BUS. & PROF. CODE § 17200, *et seq.*

20      *<u>Defendant's Statement</u>*

21      Coinbase currently believes that the key legal issues are as follows:  (1) whether plaintiffs

22  and putative class members have a property or any other right to the digital currency that they

23  failed to timely claim; (2) whether plaintiffs and putative class members have a property or any

24  other right to digital currency that reverted to Coinbase Users who had actual possession of, and

25  legal title to, the digital currency; (3) whether Coinbase Users to whom digital currency reverted

26  can be compelled or otherwise ordered to divest possession of their digital currency to putative

27  class members who failed to timely accept the attempted transfer of digital currency; (4) whether

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

759181.1

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

the Coinbase Users who attempted to transfer digital currency to plaintiffs and putative class members intended to make unconditional grants in perpetuity, contrary to the terms of Coinbase's User Agreement; (5) whether Coinbase is a resulting or constructive trustee for the benefit of plaintiffs and the putative class, who never timely accepted the attempted transfer of digital currency, which reverted to Coinbase Users; (6) whether Coinbase substantially interfered with plaintiffs' and putative class members' rights (if any) to digital currency that they failed to claim; (7) whether Coinbase's alleged failure to comply with California's Unclaimed Property Law constitutes an unlawful business practice under the Unfair Competition Law ("UCL"); (8) whether plaintiffs will be able to satisfy proof requirements for constructive trust, resulting trust, conversion, UCL, and Declaratory Judgment Act causes of action; (9) whether plaintiffs' and the putative class members' claims are time-barred; (10) whether plaintiffs have standing to pursue claims on behalf of the putative class; (11) whether plaintiffs have standing to seek injunctive relief; (12) whether the putative class – which is indeterminate in temporal and geographic scope and includes anyone who received an attempted transfer of digital currency, regardless of circumstance – is overbroad; and (13) whether the class meets other requirements of Federal Rule of Civil Procedure 23.

4.      Motions:

*Plaintiffs' Statement*

Plaintiffs intend to file a motion for class certification and may in addition file a motion for summary judgment, as well as related motions, such as motions to exclude any expert identified by Coinbase and for a protective order preventing Coinbase from taking discovery of absent class members.

*Defendant's Statement*

Coinbase anticipates that it may file a motion for summary judgment, motion to dismiss for lack of standing, and/or a motion to deny class certification and any related motions (e.g., *Daubert* motions).

5.      Amendment of Pleadings

1   The parties propose a March 4, 2019 deadline for any party to seek leave to amend its

2   pleadings and/or to add additional parties.

3   6.   <u>Evidence Preservation:</u>

4   *Plaintiff's Statement*

5   On December 4, 2018, Plaintiffs' counsel emailed Defendant's counsel requesting that at

6   the parties' forthcoming FED. R. CIV. P. 26(f) conference, "Coinbase be prepared to discuss the

7   source and location of ESI consistent with the Court's *Guidelines for the Discovery of*

8   *Electronically Stored Information* (attached). *See* Guideline 1.02 ('The Court emphasizes the

9   particular importance of cooperative exchanges of information at the earliest possible stage of

10  discovery, <u>including during the parties' Fed. R. Civ. P. 26(f) conference</u>.') (emphasis added).

11  Early discussion of ESI issues is particularly important given the timing of events in this case."

12  In a December 6, 2018 email to Defendant's counsel, Plaintiffs' counsel requested that

13  Defendant be prepared to discuss the following categories of ESI at the parties' FED. R. CIV. P.

14  26(f) Conference consistent with the Court's Guidelines:

15  ·   Identification of all <u>document storage or document management system(s)</u>,
16  including identity of all custodians, the manner or medium of storage,
    preservation/deletion policies, and the format of data during the entire relevant time
17  period;

18  ·   Identification of all databases/repositories containing <u>Coinbase websites,</u>
19  <u>blogs, and other public-facing records</u>, including identity of all custodians, the
    manner or medium of storage, preservation/deletion policies, and the format of data
20  during the entire relevant time period;

21  ·   If Coinbase users were able to transfer or attempt to transfer cryptocurrency
22  via email through Defendant's <u>mobile app</u>, identification of all
    databases/repositories containing <u>mobile app flow diagram(s), user interface,</u>
23  <u>features and functions, and disclosures to Coinbase users</u>, including identity of all
    custodians, the manner or medium of storage, preservation/deletion policies, and
24  the format of data during the entire relevant time period;

25  ·   Identification of all databases/repositories containing <u>wikis or other</u>
26  <u>collaboratively created documents</u>, including identity of all custodians, the manner
    or medium of storage, preservation/deletion policies, and the format of data during
27  the entire relevant time period;

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

759181.1

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

·   Identification of all databases/repositories containing <u>transaction records of cryptocurrency transferred or attempted to be transferred via email</u>, including identity of all custodians, the manner or medium of storage, preservation/deletion policies, and the format of data during the entire relevant time period;

·   Identification of all databases/repositories containing <u>customer service records</u>, including identity of all custodians, the manner or medium of storage, preservation/deletion policies, and the format of data during the entire relevant time period;

·   Identification of all databases/repositories containing <u>records of emails or other communications sent to/from Coinbase users or putative class members concerning transfer or attempted transfer of cryptocurrency via email</u>, including identity of all custodians, the manner or medium of storage, preservation/deletion policies, and the format of data during the entire relevant time period;

·   Identification of all <u>electronic mail systems</u>, including identity of all custodians, the manner or medium of storage, preservation/deletion policies, and the format of data during the entire relevant time period;

·   Identification of all <u>non-email communication channels</u>, *e.g.* <u>Slack, Telegram, Google messenger</u>, including identity of all custodians, the manner or medium of storage, preservation/deletion policies, and the format of data during the entire relevant time period;

·   Identification of <u>any databases/repositories the Coinbase asserts are not discoverable or should not be preserved</u>, and the basis therefore;

·   Identification <u>of data preservation, backup, and preservation policies</u> in the normal course of Coinbase's business, and in response to this litigation.

At the parties' 26(f) conference, Defendant was not prepared to discuss such items as requested. Accordingly, the parties must defer discussion of ESI issues until a later date.

At present, the parties intend to meet and confer regarding ESI within 14 days following service of Plaintiffs' requests for production.

### *Defendant's Statement*

Coinbase disputes plaintiffs' characterization that it "was not prepared to discuss" the eleven topics that plaintiffs unilaterally proposed, which cover nearly every aspect of Coinbase's information management, communications, and recordkeeping systems. During the parties' Rule 26(f) conference, Coinbase informed plaintiffs that many of the proposed ESI topics were

1  premature and overbroad without context, and that the discussions would be better informed after

2  receiving plaintiffs' discovery requests – a suggestion that plaintiffs accepted.  Even without that

3  necessary context, Coinbase informed plaintiffs regarding the specific email and database systems

4  that it uses.

5  7.    Disclosures:

6      The parties have agreed to serve each other with their respective initial disclosures on or

7  before January 9, 2019.

8  8.    Discovery:

9      *Plaintiffs' Statement:*

10     Plaintiffs will be serving requests for the production of documents, interrogatories, and

11  requests for admission on Defendant. Plaintiffs anticipate deposing current or former Coinbase

12  employees pursuant to Fed. R. Civ. P. 30(b)(1) and Coinbase itself pursuant to Fed. R. Civ. P.

13  30(b)(6) regarding Cryptocurrency transfers involving Plaintiffs and Class members. Plaintiffs

14  would also depose any expert identified by Coinbase. Plaintiffs do not agree that it is appropriate

15  to take discovery of absent Class members and may seek a protective order preventing Coinbase

16  from pursuing such discovery. Other than as set forth below regarding scheduling, Plaintiffs do

17  not believe that a departure from the discovery rules is necessary. The parties have discussed

18  entering into a stipulated e-discovery order in accordance with the Court's *Model Stipulated*

19  *Order Re: Discovery of Electronically Stored Info*.

20     As discovery in this case may include the production of confidential or sensitive materials,

21  the parties also anticipate entering into a stipulated protective order modeled after the Court's

22  *Stipulated Protective Order for Standard Litigation*.

23     *Defendant's Statement*

24     Coinbase anticipates that it will propound written discovery on plaintiffs in accordance

25  with the Federal Rules of Civil Procedure.  Once plaintiffs respond to written discovery, Coinbase

26  plans to take the depositions of plaintiffs and other individuals with knowledge of the attempted

27  transfers of digital currency to plaintiffs, including the Coinbase User who attempted to transfer

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1   Bitcoin to plaintiffs.  Coinbase may also seek to obtain discovery from a limited number of

2   unnamed class members and third parties, and may depose experts relevant to class certification

3   issues whom plaintiffs disclose.  Following plaintiffs' discovery responses and depositions,

4   Coinbase may need to propound additional written discovery. Other than as set forth below

5   regarding scheduling, Coinbase does not believe that a departure from the discovery rules is

6   necessary. The parties have discussed entering into a stipulated e-discovery order, but have not

7   yet agreed to the specific terms thereof.

8   9.      Class Actions:

9           *Plaintiffs' Statement pursuant to Civ. L. R. 16-9(b)*

10          Plaintiffs' intend to move for class certification pursuant to FED. R. CIV. P. 23(a) and

11  23(b)(2) and/or 23(b)(3) as appropriate and according to the evidence obtained through discovery.

12  The current class definition as pled in Plaintiffs' SAC is: "*All persons and entities who were sent*

13  *Cryptocurrencies such as Bitcoin, Ethereum and Litecoin through Coinbase.com to their email*

14  *address, and never received such Cryptocurrency.*" Dkt No 30, at ¶ 22. Plaintiffs anticipate the

15  class definition proffered in their forthcoming motion for class certification will be narrowed in

16  response to evidence obtained through discovery.

17          Plaintiff is informed and believes there are hundreds or thousands of persons that were

18  transferred Cryptocurrencies through www.Coinbase.com, and for whom Coinbase is currently in

19  possession of such Cryptocurrencies. FED. R. CIV. P. 23(a)(1). Because the two-step process for

20  transferring Cryptocurrency to Plaintiffs and the Class on www.Coinbase.com was identical (or

21  substantially similar) throughout the class period, this central fact is common to the Class and

22  predominates. FED. R. CIV. P. 23(a)(2) and (b)(3). This central fact may also support a finding that

23  "Coinbase has … refused to act on grounds that apply generally to the class, so that final

24  injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

25  whole." FED. R. CIV. P. 23(b)(2). Cryptocurrencies were transferred to Plaintiffs using this two-

26  step process, and Coinbase has never surrendered custody thereof to Plaintiffs, making them

27

28

1   typical of the proposed Class, and adequate to protect class interests. FED. R. CIV. P. 23(a)(3) and

2   (4).

3          Plaintiffs' proposed schedule for their class certification motion is set forth in the

4   Schedule in Item Number 17, below.

5          *Defendant's Statement*

6          Coinbase contends that certification of a class is not appropriate in this action.

7   10.    Related Cases:

8          The parties are unaware of any related cases that are currently pending before this or any

9   other court.

10  11.    Relief:

11         *Plaintiffs' Statement*

12         Plaintiffs' SAC seeks the following relief: (A) an order declaring that this action is

13  properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and

14  certifying Plaintiffs as the representatives of the proposed class; (B) an order notifying Class

15  members that Coinbase has possession of their Cryptocurrency; (C) an order imposing a

16  constructive and/or resultant trust upon Coinbase over the Cryptocurrencies that are the subject of

17  the SAC, and ordering Coinbase to surrender custody thereof to Plaintiffs and the Class; (D) an

18  order awarding Plaintiffs and the Class their Cryptocurrency, including all "forks" thereof and

19  "airdrops" related thereto, and/or Coinbase's disgorgement of same, and/or awarding

20  compensatory damages in favor of Plaintiffs and the Class against Defendant, for all legally

21  cognizable damages sustained as a result of Defendant's wrongdoing, in an amount to be proven

22  at trial, including interest thereon; (E) an Award to Plaintiffs and the Class of their reasonable

23  costs and expenses incurred in this action, including attorneys' fees, expert fees, witness fees and

24  electronic discovery fees as permitted by law; (F) a declaration that Plaintiffs and each member of

25  the Class pled herein are the lawful owners of the Cryptocurrencies that are the subject of the

26  SAC, and/or that such Cryptocurrencies are held by Defendant in trust for the benefit of Plaintiffs

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

and the Class; and (G) such other and further relief as this Court may deem just and proper. Dkt. 30.

*Defendant's Statement*

Coinbase does not presently intend to assert counterclaims or cross-claims in this action and does not intend to seek damages or any other type of relief aside from dismissal of plaintiffs' claims with prejudice, or a verdict in its favor, and an award of costs and fees if appropriate.

12.    Settlement and ADR:

Because discovery has only just begun, the parties believe that settlement discussions are premature at this time, but of course will attend in good faith any settlement conference or settlement proceeding ordered by the Court.

13.    Consent to Magistrate Judge For All Purposes:

On March 5, 2018, plaintiffs filed their declination to proceed before a magistrate judge for all purposes.  Dkt No. 6.

14.    Other References:

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues:

*Plaintiffs' Statement*

Plaintiffs believe their claims may be susceptible to full or partial resolution on a post-class certification motion for summary judgment directed at what appears at this stage of the case to be the primary merits question. Specifically, after fact discovery has concluded, Plaintiffs anticipate establishing that the transfer of Cryptocurrency to Class members was complete and unconditional when Coinbase users clicked "confirm," and thus establishing Class members' ownership or other legally protected interest in the Cryptocurrency.

*Defendant's Statement*

Coinbase believes that issues relating to plaintiffs' claims can potentially be resolved on a motion for summary judgment.  Specifically, Coinbase believes that, following discovery,

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

010-8713-7698/1/AMERICAS

1  plaintiffs will be unable to show that they have any property right or any other right to the Bitcoin

2  that they failed to claim back in 2013.

3  16.  <u>Expedited Trial Procedure:</u>

4       The parties do not believe that this case can be handled under the Expedited Trial

5  Procedure of General Order 64, Attachment A.

6  17.  <u>Scheduling:</u>

7       *Plaintiffs' Statement*

8       Plaintiffs believe the following schedule is appropriate given the scope of discovery and

9  motions the parties anticipate making:

| March 4, 2019 | Parties' deadline to amend the pleadings and add parties. |
|---|---|
| August 30, 2019 | Conclusion of fact discovery. |
| September 27, 2019 | Parties' deadline to serve expert reports. |
| October 18, 2019 | Parties' deadline to serve expert rebuttal reports. |
| November 15, 2019 | Parties' deadline to conclude expert discovery. |
| December 13, 2019 | Plaintiffs' deadline to move for class certification, and parties' deadline to file *Daubert* motions. |
| February 28, 2020 | Parties' deadline to move for summary judgment. |
| May 1, 2020 | Pretrial conference date. |
| May 2020 | Trial |

   <u>*Defendant's Statement*</u>

   Coinbase proposes the following case management schedule, which it believes contains a

more typical sequence of class certification briefs and expert reports (i.e., plaintiff must submit an

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

expert report in support of class certification before defendant may submit an expert report in opposition to class certification):

| June 21, 2019 | Conclusion of fact discovery |
|---|---|
| July 22, 2019 (+30 days) | Plaintiffs' motion for class certification due, including any expert declarations supporting class certification |
| September 5, 2019 (+45 days) | Depositions of plaintiffs' class certification experts completed |
| October 7, 2019 (+30 days) | Coinbase's opposition to class certification due, including any expert declarations supporting class certification opposition |
| November 21, 2019 (+45 days) | Deposition of Coinbase's class certification experts completed |
| December 23, 2019 (+30 days) | Plaintiffs' reply in support of class certification |
| January 16, 2020 (+24 days) | Class certification hearing, hearing on *Daubert* motions, and any pre-certification dispositive motions |

Coinbase additionally proposes these additional dates based on the date that the Court issues a decision as to whether class certification is denied or granted ("CERT"):

| CERT + 28 days | Last day for parties to meet-and-confer regarding case scheduling and, depending on the Court's determination following the hearing on class certification, to discuss case logistics as the case goes forward as either a class action or on an individual basis |
|---|---|

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

| +7 days | Last day for parties to file proposed scheduling order based on the meet-and-confer |
|---------|---------|
| +14 days | Case management conference regarding case scheduling going forward (may be set at different date for Court's convenience) |

18.   Trial:

The parties agree that the case may be tried to a jury with the exception of claims arising under the California Unfair Competition Law, which are to be tried by the Court.  The parties believe that each side's case-in-chief will require approximately 10 court days in the event the case proceeds to trial on a class basis. However, at this time, the parties do not agree whether appropriate to set a pretrial conference date and a trial date.

Plaintiffs believe there is utility in having a date on the calendar notwithstanding the possibility that they may need to be adjusted as the case progresses.

Coinbase believes it is premature to establish those dates now. The scope and duration of trial will certainly depend on whether the class is certified, and so Coinbase proposes that dates for the pretrial conference and trial be determined after this Court issues an order either certifying the class or denying certification.

19.   Disclosure of Non-party Interested Entities or Persons:

*Plaintiffs' Statement*

Plaintiffs filed a "Certification of Interested Entities or Persons." Dkt. 5. Plaintiffs identified no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

*Defendant's Statement*

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1      Coinbase has filed a "Certification of Interested Entities or Persons." Dkt. 17. In this

2  Case Management statement and in its filed certification, Coinbase identifies its parent company

3  as Coinbase Global, Inc. Coinbase Global, Inc. may have either: (i) a financial interest in the

4  subject matter in controversy or in a party to the proceeding; or (ii) a non-financial interest that

5  could be substantially affected by the outcome of the proceeding.

6  20.    __Professional Conduct:__

7      Counsel of record for the parties have reviewed the Guidelines for Professional Conduct

8  for the Northern District of California and intend to comply with those guidelines.

9  21.    __Other Matters:__

10      At this time, the parties have no other matters to present.

11

12  Dated: January 2, 2019        SQUIRE PATTON BOGGS (US) LLP

13

14          By: */s/ Eric J. Knapp*

15                  Eric J. Knapp

        Attorneys for Defendant

16          COINBASE, INC.

17  Dated: January 2, 2019        THE RESTIS LAW FIRM, P.C.

18

19          By: */s/ William R. Restis*

20                 William R. Restis

        402 West Broadway, Suite 1520

21          San Diego, CA 92101

        Tel:   619.270.8383

22          Email: william@restislaw.com

23          and

24          LITE DEPALMA GREENBERG, LLC

25          Joseph J. DePalma (admitted pro hac vice)

        jdepalma@litedepalma.com

26          Jeremy Nash (admitted pro hac vice)

27          jnash@litedepalma.com

        570 Broad Street, Suite 1201

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Newark, NJ 07102
Tel:  (973) 623-3000
Fax:  (973) 623-0858

Attorneys for Plaintiffs
JAMES T. FAASSE, JEFFREY HANSEN,
AND THE PUTATIVE CLASS

### L.R. 5-1(i)(3)  Statement

I, Eric J. Knapp, attest that all signatories listed herein, and on whose behalf this filing is submitted, concur in this filing's content and have authorized the filing.

By:  /s/ Eric J. Knapp_____

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

010-8713-7698/1/AMERICAS